UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

KAYLA PHILLIPS,

**CV 14 - 00820**

___ Civ. _____

Plaintiff,

-against-

**NOTICE OF REMOVAL**

BARNEYS NEW YORK, INC., NYPD POLICE
SGT. ERICA TRIEBEL (Shield #4498), NYPD P.O.
BRIAN KUSTERER (Shield #23990), NYPD
POLICE OFFICER/DET "JOHN DOE 1" member of
the Grand Larceny Squad and NYPD POLICE
OFFICER/DET "JOHN DOE 2" member of the
Grand Larceny Squad,

Defendants.

DEARIE, J.

------------------------------------------------------------

  **PLEASE TAKE NOTICE** that Defendant Barneys New York, Inc. ("Barneys"), by its

undersigned counsel, Proskauer Rose LLP, hereby files this Notice of Removal, pursuant to 28

U.S.C. §§ 1331, 1367, 1441, and 1446, with the United States District Court for the Eastern

District of New York, and as the basis of removal of this action, states the following:

  1.  This civil action was initially filed on or about December 18, 2013, by Plaintiff

Kayla Phillips ("Plaintiff"), in the Supreme Court of the State of New York, County of Kings,

Index No. 508175/2013 (hereinafter the "State Action"), naming as defendants Barneys, New

York Police Department ("NYPD") Sergeant Erica Triebel, NYPD police officer Brian Kusterer,

and NYPD police officers John Doe 1 and 2 (collectively, the "NYPD Defendants"). (*See* the

December 18, 2013 Summons and Verified Complaint (hereinafter, the "Complaint") attached as

Exhibit A).

  2.  Plaintiff served the Complaint on Barneys on January 8, 2014. (*See* Exhibit A).

3.      Pursuant to 28 U.S.C. § 1446(a) a "copy of all process, pleadings and orders" filed with the State Court – here, the Summons and Complaint; Stipulation extending Barneys time to answer, move or otherwise respond to the Complaint; and Notice Regarding Availability of Electronic Filing Supreme Court Cases – are attached hereto as Exhibits A through C.

4.      Pursuant to 28 U.S.C. § 1446(b), this Notice has been filed within 30 days after the January 8, 2014 receipt by Barneys of a copy of the Complaint, making the Notice timely filed.

5.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on all parties and a copy of this Notice will be filed with the Clerk of the Supreme Court of the State of New York, County of Kings, promptly after the filing of this Notice with this Court.

6.      The NYPD Defendants have consented to removal of this matter to this Court. (*See* Consent to Removal, Exhibit D).

7.      By filing this Notice, Barneys and the NYPD Defendants do not waive any defenses that may be available to them, and Barneys reserves the right to amend or supplement this Notice.

8.      Accompanying this Notice is a Civil Cover Sheet.

9.      This Notice is executed pursuant to Fed. R. Civ. P. 11.

### BASIS FOR REMOVAL:  FEDERAL QUESTION JURISDICTION

**A.      The Court Has Original Jurisdiction over Plaintiff's Federal Statutory Claims**

10.     Removal of the State Action pursuant to 28 U.S.C. § 1441 is proper because this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the federal

2

claims asserted against Barneys and the NYPD Defendants, and the state law claims asserted against Barneys and the NYPD Defendants arise from the same factual allegations.

11.     Pursuant to the provisions of 28 U.S.C. §§ 1331, 1441(a) and (c), this Court has original jurisdiction over Plaintiff's claims against Barneys and the NYPD Defendants asserted under the following federal statutes: 42 U.S.C. § 1981 ("Section 1981"); 42 U.S.C. § 1982 ("Section 1982"); 42 U.S.C. § 1983 ("Section 1983"); 42 U.S.C. § 1985 ("Section 1985"); and 42 U.S.C. § 1986 ("Section 1986").  These claims are asserted as the first, second, third, fourth, fifth, eighth, and twelfth causes of action of the Complaint.  (*See* Compl. ¶¶ 17-46, 58-63, and 75-79).

12.     Thus, the above-referenced causes of action are properly removable to this Court under 28 U.S.C. § 1441(c).

**B.     The Court has Supplemental Jurisdiction over Plaintiff's State Law Claims**

13.     Plaintiff's state statutory claims asserted against Barneys and the NYPD Defendants arise from the identical factual allegations as her federal statutory claims, over which this Court has original subject matter jurisdiction, and Plaintiff's state claims thus constitute the same case or controversy as Plaintiff's federal claims.  The Court therefore has supplemental jurisdiction over Plaintiff's state statutory claims, namely: (i) Plaintiff's claim under the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.*, which Plaintiff asserts as the sixth cause of action (*see* Compl. ¶¶ 47-51); (ii) Plaintiff's claim under the New York Civil Rights Law, which Plaintiff asserts as the seventh cause of action (*see* Compl. ¶¶ 52-57); (iii) Plaintiff's false imprisonment claims, which Plaintiff asserts as the ninth thirteenth causes of action (*see* Compl. ¶¶ 64-67, 81-84); (iv) Plaintiff's civil assault claims, which Plaintiff asserts as the tenth and fourteenth causes of action (*see* Compl. ¶¶ 68-71, 85-88); and (v) Plaintiff's battery causes

of action, which Plaintiff asserts as the eleventh and fifteenth causes of action (*see* Compl. ¶¶ 72-74, 89-91).

14.     For each cause of action, Plaintiff "repeats, reiterates and realleges" the allegations contained in the preceding paragraphs. (*See* Compl. ¶¶ 17, 25, 30, 35, 41, 47, 58, 64, 68, 72, 75, 81, 85 and 89). Under these circumstances, there can be no doubt that the "same case or controversy" provision of 28 U.S.C. § 1367(a) is satisfied.

15.     Thus, pursuant to 28 U.S.C. § 1441(c), Plaintiff's state law claims are properly subject to removal to this Court along with Plaintiff's federal statutory claims.

WHEREFORE, Barneys respectfully requests that the Court take jurisdiction of this Action and grant such other, further relief as the Court deems just and proper.


Dated: February 6, 2014

Respectfully submitted,

PROSKAUER ROSE LLP

By: _____

Kevin J. Perra
Howard Z. Robbins
Eleven Times Square
New York, New York 10036
kperra@proskauer.com
hrobbins@proskauer.com
Telephone: 212.969.3000

*Attorneys for Defendant*
*Barneys New York, Inc.*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

------------------------------------------------------------X

KAYLA PHILLIPS,

Plaintiff,

-against-

BARNEYS NEW YORK, INC., NYPD POLICE SGT.
ERICA TRIEBEL (Shield #4498), NYPD P.O. BRIAN
KUSTERER (Shield #23990), NYPD POLICE
OFFICER/DET "JOHN DOE 1" member of the Grand Larceny
Squad and NYPD POLICE OFFICER/DET "JOHN DOE 2"
member of the Grand Larceny Squad.

Defendants.

------------------------------------------------------------X

Index No.: 508175/2013

**SUMMONS**

Plaintiff designates KINGS
County as the place of trial.

The basis of venue is:
PLAINTIFF'S RESIDENCE

Plaintiff resides at:
373 Hendrix Street
Brooklyn, NY 11207

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the
day of service, where service is made by delivery upon you personally within the state, or, within 30
days after completion of service where service is made in any other manner.  In case of your failure
to appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

DATED:   JAMAICA, NEW YORK
DECEMBER 18, 2013

Kareem R. Vessup Esq.
THE LAW OFFICE OF KAREEM R. VESSUP ESQ.
Attorneys for Plaintiff
KAYLA PHILLIPS
89-31 161st Street, Suite 705
Jamaica, NY 11432
(718) 219-8744

TO:   Barneys New York, Inc.
575 Fifth Avenue
11th Floor
New York, NY 10017-2422
And Via NY Sec'y of State

Sgt. Erica Triebel
One Police Plaza
New York, NY 10007

P.O. Brian Kusterer
One Police Plaza
New York, NY 10007

Police Officer/ Det. John Doe 1
One Police Plaza
New York, NY 10007

Police Officer/Det. John Doe 2
One Police Plaza
New York, NY 10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

KAYLA PHILLIPS,                                          Index No.: 508175/2013

                           Plaintiff,

-against-                                                **VERIFIED**
                                                        **COMPLAINT**

BARNEYS NEW YORK, INC., NYPD SGT. ERICA
TRIEBEL (Shield #4498), NYPD P.O. BRIAN KUSTERER
(Shield #23903),  NYPD POLICE OFFICER/DET "JOHN
DOE 1" member of the Grand Larceny Squad and NYPD
POLICE OFFICER/DET "JOHN DOE 2" member of the
Grand Larceny Squad.
                           Defendants.
-------------------------------------------------------------------X

         Plaintiff, **KAYLA PHILLIPS**, by her attorney, **THE LAW OFFICE OF KAREEM R.**
**VESSUP, ESQ.**, complaining of the Defendants herein respectfully allege as follows:

         1.      That at the time of the commencement of this action Plaintiff **KAYLA PHILLIPS**
was a resident of the County of Kings, City and State of New York.

         2.      At all times herein mentioned, the Defendant, **BARNEYS NEW YORK, INC.**
(Hereinafter referred to as **"BARNEYS"**), was and is a Foreign Business Corporation
authorized to do business within the State by virtue of the laws of the State of New York.

         3.      At all times herein mentioned, Defendant **BARNEYS** maintained a principal
place of business at 575 Fifth Avenue, 11th Floor in the County of New York, City and State of
New York.

         4.      At all times herein mentioned, Defendant **BARNEYS** established, maintained
and continues to maintain retail department stores within the City of New York, including,
but not limited to, a retail store at 660 Madison Avenue in Manhattan, NY.

         5.      At all times herein mentioned, Defendant **NYPD SGT. ERICA TRIEBEL (Shield**

#4498) (Hereinafter referred to as **"SGT. TRIEBEL"**) was and continues to be a police officer, detective or sergeant of the New York City Police Department whose actual place of business is in the County of New York, City and State of New York.

6.     At all times herein mentioned, Defendant NYPD **P.O. BRIAN KUSTERER (Shield #23903)** (Hereinafter referred to as **"P.O. KUSTERER"**) was and continues to be a police officer, detective or sergeant of the New York City Police Department whose actual place of business is in the County of New York, City and State of New York.

7.     At all times herein mentioned, and upon information and belief, **NYPD POLICE OFFICER/DET. "JOHN DOE 1" member of the Grand Larceny Squad and NYPD POLICE OFFICER/DET. "JOHN DOE 2" member of the Grand Larceny Squad** (Hereinafter referred to as **"P.O. JOHN DOE 1" and "P.O. JOHN DOE 2"** respectively) were and continue to be police officers, detectives and/or sergeants of the New York City Police Department whose actual places of business are in the County of New York, City and State of New York. The names of these defendants are not currently known to Plaintiff however these two officers/detectives were present and acting along with Defendants **SGT. TRIEBEL** and **P.O. KUSTERER** on the dates and times described herein. Upon information and belief one of these defendants is an African American male and the other an Asian American male.

8.     On or about February 28, 2013 at approximately 4:30 p.m., Plaintiff **KAYLA PHILLIPS** was a lawful patron within the **BARNEYS** retail store at 660 Madison Avenue, New York, NY. She was shopping for a Celine Designer handbag.

9.     While Plaintiff was shopping, upon information and belief, one or more of the Defendants **SGT. TRIEBEL, P.O. KUSTERER, P.O. JOHN DOE 1" and P.O. JOHN DOE 2** (Hereinafter referred to collectively as **"NYPD OFFICERS"**) entered or were present within the aforementioned

BARNEYS Retail Store as part of a cooperative effort between **BARNEYS** and the **NYPD OFFICERS**.

10.    Upon information and belief, these **NYPD OFFICERS** were given access to equipment owned and maintained by Defendant **BARNEYS** as well as information pertaining to Plaintiff for the purpose of monitoring, surveilling and tracking Plaintiff while she shopped.

11.    Plaintiff was provided with the aforementioned Celine bag and was made aware of a return policy that was in effect granting her the right to return the bag in an unused condition for a full refund within a certain period of time.

12.    Plaintiff exited the **BARNEYS** retail store and proceeded to the 59th Street Lexington Avenue Subway Station approximately three and one-half blocks away from the retail store.

13.    As Plaintiff was about to swipe her metro card to enter the turnstile, she was physically accosted by four plain clothes NYPD officers, those officers being Defendants **SGT. TRIEBEL, P.O. KUSTERER, P.O. JOHN DOE 1 and P.O. JOHN DOE 2.**

14.    Thereafter Plaintiff was detained, questioned and interrogated by the Defendant **NYPD OFFICERS** against her will and without her consent or permission.  Said officers interrogated plaintiff with specific information about her purchase obtained from their cooperation with **BARNEYS.**

15.    Portions of the interrogation by the Defendant **NYPD OFFICERS** included the following in sum and substance:

| | |
|---|---|
| Officer | Where are you from? |
| Ms. Phillips | Brooklyn |
| Officer | Well, then what are you doing here? |
| Ms. Phillips | I was shopping |

....

| | |
|---|---|
| Officer | Where did you get the money from to purchase that bag? |
| Ms. Philips | Its my money.  I used my bank card. |
| Officer | Show us the card. |
| Ms. Phillips | (presents bank card) |
| Officer | This is not the card you used for your purchase.  Show me the card you used. |
| Ms. Phillips | I'm sorry you're right.  I used my temporary card. (presents the temporary card). |
| ..... | |
| Officer | Where do you get the money to buy the Channel bag you are wearing? |
| Ms. Philips | This is my mother's bag. |
| Officer | How can you afford all of these nice bags? |
| ..... | |
| Ms. Philips | Why are you stopping me? |
| Officer | If someone was accused of stealing your card or identity you would want us to investigate them wouldn't you? |

16.    Approximately two days later Plaintiff returned the bag pursuant to BARNEYS return policy to a different Barneys Retail location in Brooklyn, NY for a full refund.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST BARNEYS NEW YORK, INC. BASED ON 42 U.S.C. 1981.

17.    Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "16" as if set forth herein at length.

18.    Pursuant to 42 U.S.C. § 1981(a), "all persons... shall have the same right... to make and enforce contracts... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."

19.     Plaintiff **KAYLA PHILLIPS** as an African American woman, is a member of a racial minority.

20.     That upon information and belief on February 28, 2013 Defendant **BARNEYS** through its agents, servants and/or employees racially profiled and discriminated against Plaintiff by monitoring, surveilling and tracking her while she shopped in the store then identifying her to Defendant **NYPD OFFICERS** as a perpetrator of credit card fraud with no basis other than the fact that she is an African American woman.

21.     Furthermore, upon information and belief, no other customer of Defendant **BARNEYS** at or around the time of Plaintiff's transaction was subjected to being followed, stopped, questioned and searched by the **NYPD OFFICERS** having specific information about their retail transactions.

22.     The foregoing conduct of Defendant **BARNEYS** in cooperation with Defendant **NYPD OFFICERS** evidences that on February 28, 2013 Defendant **BARNEYS** intended to racially discriminate against Plaintiff **KAYLA PHILLIPS** with willful and wanton disregard of the rights and privileges guaranteed Plaintiff by the Constitution of the United States, federal, state and local law.

23.     That by engaging in the aforementioned conduct Defendant **BARNEYS** interfered with Plaintiff's right to make and enforce a contract in violation of 42 U.S.C. § 1981.

24.     That by engaging in the aforementioned conduct **BARNEYS** interfered with Plaintiff right to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens in violation of 42 U.S.C. § 1981.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST BARNEYS NEW YORK, INC. BASED ON 42 U.S.C. § 1982

25.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "24" as if set forth herein at length.

26.     In relevant part, 42 U.S.C. § 1982 provides that, "all citizens of the United States shall have the same right... as is enjoyed by white citizens thereof to... purchase... hold, and convey... personal property."

27.     The forgoing conduct of Defendant **BARNEYS** on February 28, 2013 in cooperation with the Defendant **NYPD OFFICERS** evidences **BARNEYS'** intent to racially profile and discriminate against Plaintiff.

28.     Upon information and belief, Defendant **BARNEYS** did not provide information regarding any other store patron, or provide the **NYPD OFFICERS** with access to equipment to monitor and track any other customer of the store at the time of Plaintiff's patronage.  Plaintiff was singled out and treated differently by Defendants.

29.     That **BARNEYS** afore-described conduct of racially profiling and discriminating against Plaintiff with willful and wanton disregard for her rights guarenteed by the United States Constitution, federal, state and local law violated Plaintiff's rights under 42 U.S.C. § 1982 to purchase and hold personal property.


## AS AND FOR A THIRD CAUSE OF ACTION AGAINST BARNEYS NEW YORK, INC. BASED ON 42 U.S.C. § 1983

30.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "29" as if set forth herein at length.

31.     In relevant part, 42 U.S.C. §1983 provides that, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

32.     Upon information and belief on February 28, 2013 Defendants **BARNEYS** and the **NYPD OFFICERS** acted jointly to racially profile and discriminate against Plaintiff and monitor, surveil, track, stop, accost, question and search her in violation of her rights and privileges guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1981 and 1982 as well as under and other applicable federal constitutional and statutory rights.

33.     In the manner aforesaid Defendant **BARNEYS** through its agents, servants and/or employees acted under color of law and acted maliciously, willfully and with wanton disregard of Plaintiff rights to be free from:

       a.   Unreasonable search and seizure

       b.   Search and seizure without probable cause or reasonable suspicion

       c.   Unlawful detainment

       d.   Civil assault

       e.   Interference with her right to make and enforce contracts

       f.   Interference with her right to purchase and hold personal property

       g.   Discriminatory treatment based on her color and race

     h. Unlawful interference with her liberty rights

34. As a result of Defendant's conduct Plaintiff suffered a deprivation of the above enumerated rights guaranteed by the United States Constitution, the laws of The United States and the State of New York.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT BARNEYS NEW YORK, INC. AND DEFENDANT NYPD OFFICERS BASED ON 42 U.S.C. § 1985(3)

35. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "34" as if set forth herein at length.

36. In relevant part, 42 U.S.C. § 1985(3) provides that, "[i]f two or more persons in any State or Territory conspire... for the purpose of depriving, either directly or indirectly, any person... of the equal protection of the laws, or of equal privileges and immunities under the laws...; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

37. Defendants **BARNEYS** and the **NYPD OFFICERS** did conspire to directly violate Plaintiff's federal Constitutional and Statutory rights, as enumerated above, by virtue of their cooperative effort to racially profile and discriminate against Plaintiff and to monitor, surveil, track, stop, accost, question and search her without legal authority or consent. Said

conduct of Defendants was motivated by a racial animus.

38.     Defendants **BARNEYS** and the **NYPD OFFICERS** did conspire to indirectly violate Plaintiff's federal Constitutional and Statutory rights, as enumerated above, by virtue of their cooperative effort to racially profile and discriminate against Plaintiff and to monitor, surveil, track, stop, accost, question and search her without legal authority or consent. Said conduct by defendants was motivated by a racial animus.

39.     That Defendant **NYPD OFFICERS** did in fact further the conspiracy by monitoring, surveilling, tracking, stopping, accosting, questioning and searching Plaintiff without legal authority or consent.

40.     As a result of the Defendants' conduct Plaintiff suffered a deprivation of the above enumerated rights guaranteed by the United States Constitution, the laws of The United States and the State of New York.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT BARNEYS NEW YORK, INC BASED ON 42 U.S.C. 1986

41.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "40" as if set forth herein at length.

42.     In relevant part 42 U.S.C. § 1986 provides that, "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such

damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action."

43.     Defendant **BARNEYS** had knowledge of the conspiracy to discriminate against Plaintiff and deprive her of certain federal constitutional and statutory rights.

44.     Defendant **BARNEYS** had the power to prevent or aid in the prevention of the acts that infringed upon Plaintiff's federal Constitutional and Statutory rights.

45.     Despite having this power **BARNEYS** neglected or refused to prevent the acts of discrimination from being perpetrated upon plaintiff.

46.     As a result of BARNEYS actions, or failures thereof, Plaintiff suffered a deprivation of the above enumerated rights guaranteed by the United States Constitution, the laws of The United States and the State of New York

## AS AND FOR A SIXTH CAUSE OF ACTION AGAISNT DEFENDANT BARNEYS NEW YORK, INC. BASED ON N.Y. EXECUTIVE LAW § 296(2)(a)

47.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "46" as if set forth herein at length.

48.     Under N.Y. Executive Law § 296(2)(a), places of public accommodation cannot deny any of the "accommodations, advantages, facilities or privileges thereof" based on a person's race, color or national origin.

49.     N.Y. Executive Law § 292(9) defines the places of public accommodation to which section 296(2)(a) applies to include "retail stores and establishments" such as BARNEYS NEW YORK, INC'S 660 Madison Avenue retail store.

50.     The conduct of BARNEYS NEW YORK, INC. in cooperation with Defendant NYPD Officers to monitor, surveil, track, stop, accost, question and search Plaintiff in a disparate manner denied her the privileges of a place of accommodation.

51.     Upon information and belief that denial was based on Plaintiff's race, color or national origin in violation of N.Y. Executive Law § 296(2)(a).

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT BARNEYS NEW YORK INC. BASED ON N.Y. CIVIL RIGHTS LAW §§ 40 AND 40-c

52.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "51" as if set forth herein at length.

53.     Under N.Y. Civil Rights Law § 40, places of public accommodation cannot "withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof" based on a person's race, color or national origin.

54.     N.Y. Civil Rights Law § 40 defines places of public accommodation to include "retail stores and establishments" such as BARNEYS 660 Madison Avenue retail store.

55.     N.Y. Civil Rights Law § 40-c provides that all persons shall be entitled to equal protection of the laws of the state and that no person be subjected to discrimination based on race, color or national origin by any person or corporation.

56.     The conduct of BARNEYS in cooperation with Defendant NYPD OFFICERS to racially profile and discriminate against Plaintiff and to monitor, surveil, track, stop, accost, question and search Plaintiff in a disparate manner denied her the privileges of a place of accommodation.

57.    Upon information and belief that denial was based on Plaintiff's race, color and/or national origin in violation of N.Y. Civil Rights Law §§ 40 and 40-c.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT SGT. ERICA TRIEBEL BASED ON 42 U.S.C. § 1983

58.    Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "57" as if set forth herein at length.

59.    In relevant part, 42 U.S.C. §1983 provides that, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

60.    Upon information and belief on February 28, 2013 Defendant **SGT. TRIEBEL** was acting under color of law and in the course of her duties and obligations as an officer of the NYPD.

61.    That upon information and belief on February 28, 2013 Defendant **SGT. TRIEBEL** racially profiled and discriminated against Plaintiff and monitored, surveiled, tracked, stopped, accosted, questioned and searched her in violation of her rights and privileges guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, as well as under and other applicable federal constitutional and statutory rights.

62.    In the manner aforesaid Defendant **SGT. TRIEBEL** acted maliciously, willfully and with wanton disregard of Plaintiff rights to be free from:

a. Unreasonable search and seizure

b. Search and seizure without probable cause or reasonable suspicion

c. Unlawful detainment

d. Civil assault

e. Interference with her right to make and enforce contracts

f. Interference with her right to purchase and hold personal property

g. Discriminatory treatment based on her color and race

h. Unlawful interference with her liberty rights

63.     As a result of Defendant's conduct Plaintiff suffered a deprivation of the above enumerated rights guaranteed by the United States Constitution, the laws of The United States and the State of New York.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANT SGT. ERICA TRIEBEL FOR FALSE IMPRISONMENT

64.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "63" as if set forth herein at length.

65.     That on February 28, 2013 at approximately 4:30pm at the 59th Street and Lexington Avenue Subway Station Defendant SGT. TRIEBEL intentionally confined Plaintiff.

66.     Plaintiff was aware of her confinement.

67.     Plaintiff in no way consented to her confinement nor was it otherwise privileged.

## AS AND FOR A TENTH CAUSE OF ACTION AGAINST DEFENDANT SGT. ERICA

**TRIEBEL FOR CIVIL ASSAULT**

68.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "67" as if set forth herein at length.

69.     That on February 28, 2013 at approximately 4:30pm at the 59th Street and Lexington Avenue Subway Station Defendant **SGT. ERICA TRIEBEL** intentionally placed Plaintiff **KAYLA PHILLIPS** in fear of a harmful or offensive contact.

70.     That as a result of Defendant **SGT. ERICA TRIEBEL'S** conduct Plaintiff in fact experienced a reasonable apprehension of an impending harmful or offensive contact.

71.     Plaintiff in no way consented to Defendant **SGT. ERICA TRIEBEL'S** conduct nor was it otherwise privileged.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAISNT DEFENDANT SGT. ERICA TRIEBEL FOR BATTERY**

72.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "71" as if set forth herein at length.

73.     That on February 28, 2013 at approximately 4:30pm at the 59th Street and Lexington Avenue Subway Station Defendant **SGT. ERICA TRIEBEL** intentionally committed a harmful or offensive contact upon Plaintiff **KAYLA PHILLIPS**.

74.     Plaintiff in no way consented to the conduct of Defendant **SGT. ERICA TRIEBEL** nor was it otherwise privileged.

**AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST DEFENDANT P.O. BRIAN KESTERER BASED ON 42 U.S.C. § 1983**

75.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "74" as if set forth herein at length.

76.     In relevant part, 42 U.S.C. §1983 provides that, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

77.     Upon information and belief on February 28, 2013 Defendant **P.O. KESTERER** was acting under color of law and in the course of his duties and obligations as an officer of the NYPD.

78.     That upon information and belief on February 28, 2013 Defendant **P.O. KESTERER** racially profiled and discriminated against Plaintiff and monitored, surveiled, tracked, stopped, accosted, questioned and searched her in violation of her rights and privileges guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, as well as under and other applicable federal constitutional and statutory rights.

79.     In the manner aforesaid Defendant **P.O. KESTERER** acted maliciously, willfully and with wanton disregard of Plaintiff rights to be free from:

          i.  Unreasonable search and seizure

          j.  Search and seizure without probable cause or reasonable suspicion

          k.  Unlawful detainment

l.   Civil assault

m.   Interference with her right to make and enforce contracts

n.   Interference with her right to purchase and hold personal property

o.   Discriminatory treatment based on her color and race

p.   Unlawful interference with her liberty rights

80.     As a result of Defendant's conduct Plaintiff suffered a deprivation of the above enumerated rights guaranteed by the United States Constitution, the laws of The United States and the State of New York.


## AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANT P.O. BRIAN KESTERER FOR FALSE IMPRISONMENT

81.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "80" as if set forth herein at length.

82.     That on February 28, 2013 at approximately 4:30pm at the 59th Street and Lexington Avenue Subway Station Defendant P.O. KESTERER intentionally confined Plaintiff.

83.     Plaintiff was aware of her confinement.

84.     Plaintiff in no way consented to her confinement nor was it otherwise privileged.


## AS AND FOR A FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANT P.O. BRIAN KESTERER FOR CIVIL ASSAULT

85.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs

"1" through "84" as if set forth herein at length.

86.     That on February 28, 2013 at approximately 4:30pm at the 59th Street and Lexington Avenue Subway Station Defendant P.O. KESTERER intentionally placed Plaintiff KAYLA PHILLIPS in fear of a harmful or offensive contact.

87.     That as a result of Defendant P.O. KESTERER'S conduct Plaintiff in fact experienced a reasonable apprehension of an impending harmful or offensive contact.

88.     Plaintiff in no way consented to Defendant P.O. KESTERER'S conduct nor was it otherwise privileged.


## AS AND FOR A FIFTEENTH CAUSE OF ACTION AGAISNT DEFENDANT P.O. BRIAN KESTERER FOR BATTERY

89.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "88" as if set forth herein at length.

90.     That on February 28, 2013 at approximately 4:30pm at the 59th Street and Lexington Avenue Subway Station Defendant P.O. KESTERER intentionally committed a harmful or offensive contact upon Plaintiff KAYLA PHILLIPS.

91.     Plaintiff in no way consented to the conduct of Defendant P.O. KESTERER nor was it otherwise privileged.

WHEREFORE, the Plaintiff, KAYLA PHILLIPS, demands judgment against the Defendants, together with the costs and disbursements of this action in an amount of damages greater than the jurisdictional limit of any lower court which would otherwise have jurisdiction.   Additionally, Plaintiff demands in respect of all causes of action, punitive

damages and attorney fees pursuant to 42 USC Section 1988.

Dated:     JAMAICA, NEW YORK
           DECEMBER 18, 2013

                                        Kareem R. Vessup

## ATTORNEY'S VERIFICATION

Kareem R. Vessup Esq., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury.

I am a member of the LAW OFFICE OF KAREEM R. VESSUP, attorney-of-record for Plaintiff **KAYLA PHILLIPS** in the action within. I have read the annexed:

### SUMMONS AND COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein, which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the Plaintiff is because the Plaintiff is not presently in the county wherein I maintain my Law Office.

DATED:     JAMAICA, NEW YORK
           DECEMBER 18, 2013

                                        _____
                                        Kareem R. Vessup

 **CT Corporation**

**Service of Process Transmittal**
01/22/2014
CT Log Number 524264356

**TO:** Marc H. Perlowitz, Esq.
575 Fifth Avenue, 11th Floor
New York, NY 10017·

**RE:** **Process Served in New York**

**FOR:** Barneys New York, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kayla Phillips, Pltf. vs. Barneys New York, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Verified Complaint, Verification, Notice |
| **COURT/AGENCY:** | Kings County: Supreme Court, NY<br>Case # 5081752013 |
| **NATURE OF ACTION:** | Defendants racially profiled and discriminated against Plaintiff by monitoring, surveilling and tracking her while she shopped in the store then identifying her to Defendant NYPD Offices as a perpetrator of cred card fraud - 02/28/2013 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/22/2014 postmarked: "Illegible" |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after completion of service |
| **ATTORNEY(S) / SENDER(S):** | Kareem R. Vessup<br>The Law Office of Kareem R. Vessup<br>89-31 161st Street<br>Suite 705<br>Jamaica, NY 11432<br>718-219-8744 |
| **REMARKS:** | Papers were served on the New York State Secretary of State on 01/08/2014. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 797713331318 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>Mara Velasco<br>111 Eighth Avenue<br>13th Floor<br>New York, NY 10011<br>212-590-9070 |

Page 1 of  1 / MV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

State of New York - Department of State
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
 BARNEYS NEW YORK, INC.                            PHILLIPS, KAYLA


 C/O C T CORPORATION SYSTEM
 111 EIGHTH AVENUE
 NEW YORK,  NY 10011


 Dear Sir/Madam:
 Enclosed herewith is a legal document which was served upon the Secretary of
 State on 01/08/2014 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
  This copy is being transmitted pursuant to such statute to the address
 provided for such purpose.


                                              Very truly yours,
                                         Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

--------------------------------------------------------------- x
                                                                :
KAYLA PHILLIPS,                                                 :
                                                                :
                             Plaintiff,                         :      Index No. 508175/2013
                                                                :
                                                                :      **STIPULATION**
-against-                                                       :
                                                                :
BARNEYS NEW YORK, INC., NYPD POLICE                             :
SGT. ERICA TRIEBEL (Shield #4498), NYPD P.O.                    :
BRIAN KUSTERER (Shield #23990), NYPD                           :
POLICE OFFICER/DET "JOHN DOE 1" member of                      :
the Grand Larceny Squad and NYPD POLICE                        :
OFFICER/DET "JOHN DOE 2" member of the                         :
Grand Larceny Squad,                                           :
                                                                :
                             Defendants.                        :
--------------------------------------------------------------- x

        **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel

for Plaintiff and Defendant Barneys New York, Inc. ("Barneys") as follows:

      1.     That defendant Barneys's time to answer, move or otherwise respond to the

Complaint is extended to and including February 14, 2014; and

      2.     That faxed or electronic signatures to this Stipulation shall be deemed original.

Dated: JAMAICA, NEW YORK              Dated: NEW YORK, NEW YORK
       JANUARY 31, 2014                   JANUARY 31, 2014

THE LAW OFFICES OF                  PROSKAUER ROSE LLP
KAREEM R. VESSUP, ESQ.

By: _____        By: _____
     Kareem R. Vessup                     Kevin J. Perra
89-31 161st Street, Suite 705               Howard Z. Robbins
Jamaica, New York 11432                  Eleven Times Square
718.219.8744                          New York, New York 10036
                                      212.969.3000

*Attorneys for Plaintiff*                 *Attorneys for Defendant*
*Kayla Phillips*                          *Barneys New York, Inc.*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** <u>KINGS</u>
--------------------------------------------------------x

KAYLA PHILLIPS

                    Plaintiff(s)/Petitioner(s),               Index No.  <u>508175/2013</u>


         - against -

BARNEYS NEW YORK, INC., et al

                  Defendant(s)/Respondent(s).
--------------------------------------------------------x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

      PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Each party served with this Notice must promptly file with the court and serve on all other parties either a consent or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

      Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or bank card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

**Instructions**

1. Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2. Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3. Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4. For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: 12/23/13

_____ (Signature)        (718)219-8744 _____ (Phone)

Kareem R. Vessup _____ (Name)        (718)228-7733 _____ (Fax)

Law Office of Kareem R. Vessu (Firm)     kvessup@vessuplaw.com ___ (E-mail)

89-31 161st Street, Suite 705 ___ (Address)

Jamaica, NY 11432 _____

Attorney(s) for KAYLA PHILLIPS _____

2/11/13

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------------x
KAYLA PHILLIPS,

                                        Plaintiff,

         - against -

BARNEYS NEW YORK, INC., NYPD POLICE SGT.
ERICA TRIEBEL (Shield #4498), NYPD P.O. BRIAN
KUSTERER (Shield #23990), NYPD POLICE
OFFICER/DET "JOHN DOE 1" member of the Grand
Larceny Squad and NYPD POLICE OFFICER/DET "JOHN
DOE 2" member of the Grand Larceny Squad.

                                        Defendants.
-----------------------------------------------------------------------------x

**SGT. ERICA TRIEBEL AND
P.O. BRIAN KUSTERER's
CONSENTS TO REMOVAL**

Index No. 508175/13

Law Dep't No. 2013-054597

         CHRISTOPHER J. MURDOCH, an attorney admitted to practice law in the State

of New York, hereby affirms under penalties of perjury pursuant to CPLR 2106:

         1.       I am a Senior Counsel in the Special Litigation Unit in the Tort Division

of the New York City Law Department, located at 100 Church Street, New York, NY 10007,

attorneys for the defendants, NYPD POLICE SGT. ERICA SCHUDDE, sued herein as SGT.

ERIKA TRIEBEL (Shield #4498), and NYPD P.O. BRIAN KUSTERER (Shield #23990) in the

above captioned action.

         2.       Defendants NYPD POLICE SGT. ERICA SCHUDDE (Shield #4498) and

NYPD P.O. BRIAN KUSTERER (Shield #23990) hereby give their respective consents to the

request from defendant, BARNEYS NEW YORK, INC., to remove this matter from the

Supreme Court of the State of New York, Kings County, to the United States District Court,

Eastern District of New York.

         3.       By consenting to this Notice of Removal, defendants do not waive any

defense which may be available to them, specifically including, but not limited to, the right to

contest *in personam* jurisdiction, improper service of process, and the absence of venue in this
Court or the Court from which this action has been removed.

Dated:        February 4, 2014
              New York, NY


Christopher J. Murdoch

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
100 Church Street
New York, NY 10007