PROSKAUER ROSE LLP
Keisha-Ann G. Gray
Kevin J. Perra
Howard Z. Robbins
Eleven Times Square
New York, New York 10036
(212) 969-3000
hrobbins@proskauer.com
kperra@proskauer.com
*Attorneys for Defendant*
*Barneys New York, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
KAYLA PHILLIPS,

                Plaintiff,

-against-

BARNEYS NEW YORK, INC., NYPD POLICE
SGT. ERICA TRIEBEL (Shield #4498), NYPD P.O.
BRIAN KUSTERER (Shield #23990), NYPD
POLICE OFFICER/DET "JOHN DOE 1" member of
the Grand Larceny Squad and NYPD POLICE
OFFICER/DET "JOHN DOE 2" member of the
Grand Larceny Squad,

                Defendants.

14-cv-0820 (RJD) (JMA)

**DEFENDANT BARNEYS'
ANSWER AND
AFFIRMATIVE DEFENSES**

      Defendant Barneys New York, Inc. ("Defendant" or "Barneys"), for its answer and affirmative Defenses to Plaintiff Kayla Phillips' ("Plaintiff" or "Phillips") Complaint, states as follows:

      1.    Defendant denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 1 of the Complaint.

2. To the extent that Paragraph 2 of the Complaint merely describes the jurisdictional basis of this lawsuit, no answer is necessary. To the extent an answer is necessary, Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. To the extent that Paragraph 3 of the Complaint merely describes the jurisdictional basis of this lawsuit, no answer is necessary. To the extent an answer is necessary, Defendant denies each and every allegation contained in Paragraph 3 of the Complaint; except Defendant admits that it has a retail store located at 575 Fifth Avenue, New York, New York.

4. To the extent that Paragraph 4 of the Complaint merely describes the jurisdictional basis of this lawsuit, no answer is necessary. To the extent an answer is necessary, Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 of the Complaint are not directed at Barneys and, therefore, no response is required. To the extent a response is required, Barneys is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5, and therefore denies them.

6. The allegations in Paragraph 6 of the Complaint are not directed at Barneys and, therefore, no response is required. To the extent a response is required, Barneys is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6, and therefore denies them.

7. The allegations in Paragraph 7 of the Complaint are not directed at Barneys and, therefore, no response is required. To the extent a response is required, Barneys is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7, and therefore denies them.

41326662v2

8. Defendant denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 8 of the Complaint; except Defendant admits that Plaintiff was present at its 660 Madison Avenue, New York, New York location on or about February 28, 2013.

9. To the extent the allegations in Paragraph 9 of the Complaint are not directed at Barneys, no response is required. To the extent an answer is necessary, Defendant denies each and every allegation contained in Paragraph 9 of the Complaint; except Defendant admits that New York Police Department ("NYPD") officers are periodically present in Barneys' retail stores.

10. To the extent the allegations in Paragraph 10 of the Complaint are not directed at Barneys, no response is required. To the extent an answer is necessary, Defendant repeats its answer contained in Paragraph 9 above.

11. On information and belief, Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 of the Complaint are not directed at Barneys and, therefore, no response is required. To the extent a response is required, Barneys is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13, and therefore denies them.

14. To the extent the allegations in Paragraph 14 of the Complaint are not directed at Barneys, no response is required. To the extent a response is required, Barneys is without

41326662v2

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14, and therefore denies them.

16. The allegations in Paragraph 15 of the Complaint are not directed at Barneys and, therefore, no response is required. To the extent a response is required, Barneys is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15, and therefore denies them.

16. On information and belief, Defendant admits that Plaintiff returned the bag for a full refund.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST BARNEYS NEW YORK, INC. BASED ON 42 U.S.C. 1981

17. Defendant repeats and realleges its answers to Paragraphs 1 through 16 as if set forth in full herein in response to Paragraph 17 of the Complaint.

18. Defendant is not required to and makes no answer to the legal conclusions alleged in Paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19, and therefore denies them.

20. Defendant denies each and every allegation contained in Paragraph 20 of the Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21, and therefore denies them.

22. Defendant denies each and every allegation contained in Paragraph 22 of the Complaint.

23. Defendant denies each and every allegation contained in Paragraph 23 of the Complaint.

41326662v2

24. Defendant denies each and every allegation contained in Paragraph 24 of the Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST BARNEYS NEW YORK, INC. BASED ON 42 U.S.C. 1982

25. Defendant repeats and realleges its answers to Paragraphs 1 through 24 as if set forth in full herein in response to Paragraph 25 of the Complaint.

26. Defendant is not required to and makes no answer to the legal conclusions alleged in Paragraph 26 of the Complaint.

27. Defendant denies each and every allegation contained in Paragraph 27 of the Complaint.

28. Defendant denies each and every allegation contained in Paragraph 28 of the Complaint.

29. Defendant denies each and every allegation contained in Paragraph 29 of the Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST BARNEYS NEW YORK, INC. BASED ON 42 U.S.C. 1983

30. Defendant repeats and realleges its answers to Paragraphs 1 through 29 as if set forth in full herein in response to Paragraph 30 of the Complaint.

31. Defendant is not required to and makes no answer to the legal conclusions alleged in Paragraph 31 of the Complaint.

32. Defendant denies each and every allegation contained in Paragraph 32 of the Complaint.

33. Defendant denies each and every allegation contained in Paragraph 33 of the Complaint.

41326662v2

34. Defendant denies each and every allegation contained in Paragraph 34 of the Complaint.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
DEFENDANT BARNEYS NEW YORK, INC. AND
DEFENDANT NYPD OFFICERS BASED ON § 42 U.S.C. 1985(3)**

35. Defendant repeats and realleges its answers to Paragraphs 1 through 34 as if set forth in full herein in response to Paragraph 35 of the Complaint.

36. Defendant is not required to and makes no answer to the legal conclusions alleged in Paragraph 36 of the Complaint.

37. Defendant denies each and every allegation contained in Paragraph 37 of the Complaint.

38. Defendant denies each and every allegation contained in Paragraph 38 of the Complaint.

39. The allegations in Paragraph 39 of the Complaint are not directed at Barneys and, therefore, no response is required. To the extent a response is required, Barneys is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 39, and therefore denies them.

40. Defendant denies each and every allegation contained in Paragraph 40 of the Complaint.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT
BARNEYS NEW YORK, INC. BASED ON 42 U.S.C. 1986**

41. Defendant repeats and realleges its answers to Paragraphs 1 through 40 as if set forth in full herein in response to Paragraph 41 of the Complaint.

42. Defendant is not required to and makes no answer to the legal conclusions alleged in Paragraph 42 of the Complaint.

41326662v2

43. Defendant denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Defendant denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Defendant denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Defendant denies each and every allegation contained in Paragraph 46 of the Complaint.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT BARNEYS NEW YORK, INC. BASED ON N.Y. EXECUTIVE LAW § 296(2)(a)**

47. Defendant repeats and realleges its answers to Paragraphs 1 through 46 as if set forth in full herein in response to Paragraph 47 of the Complaint.

48. Defendant is not required to and makes no answer to the legal conclusions alleged in Paragraph 48 of the Complaint.

49. Defendant is not required to and makes no answer to the legal conclusions alleged in Paragraph 49 of the Complaint.

50. Defendant denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Defendant denies each and every allegation contained in Paragraph 51 of the Complaint.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT BARNEYS NEW YORK, INC. BASED ON N.Y. CIVIL RIGHTS LAW §§ 40 AND 40-c**

52. Defendant repeats and realleges its answers to Paragraphs 1 through 51 as if set forth in full herein in response to Paragraph 52 of the Complaint.

53. Defendant is not required to and makes no answer to the legal conclusions alleged in Paragraph 53 of the Complaint.

54. Defendant is not required to and makes no answer to the legal conclusions alleged in Paragraph 54 of the Complaint.

55. Defendant is not required to and makes no answer to the legal conclusions alleged in Paragraph 55 of the Complaint.

56. Defendant denies each and every allegation contained in Paragraph 56 of the Complaint.

57. Defendant denies each and every allegation contained in Paragraph 57 of the Complaint.

## EIGHTH – FIFTEENTH CAUSES OF ACTION

58-91. The allegations of paragraphs 58-91 of the Complaint are not directed at Barneys and, therefore, no response is required. To the extent a response is required, Barneys is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in these paragraphs, and therefore denies them.

## PRAYER FOR RELIEF

Barneys denies that Plaintiff is entitled to any or all of the relief sought in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Barneys asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

41326662v2

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought may be awarded.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because at all relevant times Barneys has acted in good faith toward Plaintiff, and any action taken toward Plaintiff was for legitimate, non-discriminatory and non-prohibited reasons.

## THIRD AFFIRMATIVE DEFENSE

Any loss sustained by Plaintiff was due to the conduct of some other third-party over whom Barneys exercised no control as to the issues in dispute.

## FOURTH AFFIRMATIVE DEFENSE

Any act or omission of Barneys giving rise to this action was not intentional.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statutory election of remedies provisions.

## SIXTH AFFIRMATIVE DEFENSE

Barneys cannot be liable for violations of 42 U.S.C. § 1983 or the United States Constitution because no state action was taken by Barneys.

## SEVENTH AFFIRMATIVE DEFENSE

Barneys cannot be liable for violations of 42 U.S.C. § 1983 or the United States Constitution because any action taken by Barneys was not under color of state law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages attributable to the actions of Barneys.

41326662v2

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the recovery of attorneys' fees in connection with some or all of her claims.

## TENTH AFFIRMATIVE DEFENSE

At all times, Barneys acted in good faith with respect to Plaintiff and did not willfully, maliciously or recklessly violate any federal or state laws in its treatment of Plaintiff. Therefore, Plaintiff is not entitled to punitive, liquidated, and/or exemplary damages.

WHEREFORE, Defendant respectfully requests that this Court:

a. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

b. Deny each and every prayer for relief contained in Plaintiff's Complaint;

c. Award Defendant its reasonable attorneys' fees, costs, and expenses incurred in defense of this action; and

d. Award Defendant any other relief the Court deems just and proper.

Dated: February 14, 2014

>                                        Respectfully submitted,
>
>                                        PROSKAUER ROSE LLP
>
>                                        By: /s/ Kevin J. Perra
>                                        Keisha-Ann G. Gray
>                                        Kevin J. Perra
>                                        Howard Z. Robbins
>                                        Eleven Times Square
>                                        New York, New York 10036
>                                        kperra@proskauer.com
>                                        hrobbins@proskauer.com
>                                        Telephone: 212.969.3000
>
>                                        *Attorneys for Defendant*
>                                        *Barneys New York, Inc.*

41326662v2