UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KAYLA PHILLIPS,

                        Plaintiff,

         -against-

BARNEYS NEW YORK, INC., NYPD SGT. ERICA
TRIEBEL (Shield #4498), NYPD P.O. BRIAN
KUSTERER (Shield #23903), NYPD POLICE
OFFICER/DET "JOHN DOE 1" member of the Grand
Larceny Squad and NYPD POLICE OFFICER DET
"JOHN DOE 2" member of the Grand Larceny Squad,

                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS TRIEBEL AND KUSTERER**

14-CV-820 (RJD)(JMA)

Jury Trial Demanded

        Defendants Erica Triebel and Brian Kusterer, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

        2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

        3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint, except admit, upon information and belief, that Barneys maintains retail establishments within the City of New York.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that Erica Triebel is employed by the City of New York as a police officer.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Brian Kusterer is employed by the City of New York as a police officer.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit, upon information and belief, that plaintiff proceeded to the subway station at 59th Street and Lexington Avenue.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was questioned by police on or about February 28, 2013.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was questioned by police on or about February 28, 2013.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

18. Paragraph "18" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

26. Paragraph "26" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

31. Paragraph "31" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint, and each of its sub-paragraphs "a" through "h".

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

36. Paragraph "36" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

42. Paragraph "42" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

48. Paragraph "48" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

49. Paragraph "49" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

53. Paragraph "53" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

54. Paragraph "54" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

55. Paragraph "55" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

59. Paragraph "59" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

60. Paragraph "60" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint, and each of its sub-paragraphs, "a" through "h".

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. In response to the allegations set forth in paragraph "64" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. In response to the allegations set forth in paragraph "68" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. In response to the allegations set forth in paragraph "72" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

76. Paragraph "76" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

77. Paragraph "77" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint, and each of its sub-paragraphs "i" through "p".

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. In response to the allegations set forth in paragraph "85" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. In response to the allegations set forth in paragraph "89" of the complaint, defendants repeat and reallege each of the foregoing paragraphs.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

92. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

93. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

94. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of others, and was not the proximate result of any act of defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

95. Plaintiff provoked any incident.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

96. At all relevant times, defendants Triebel and Kusterer acted reasonably and in the lawful exercise of their discretion.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

97. Defendants Triebel and Kusterer have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

98. Plaintiff's New York state law claims may be barred by her failure to comply with New York General Municipal Law §§ 50-e, 50-h, and 50-i.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

99. Plaintiff's claims may be barred by the applicable limitations period.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

100. Plaintiff may have failed to comply with the conditions precedent to suit.

**WHEREFORE,** defendants Triebel and Kusterer request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        April 14, 2014

                               ZACHARY W. CARTER
                               Corporation Counsel of the City of New York
                               *Attorney for Defendants Triebel and Kusterer*
                               100 Church Street, Room 3-208
                               New York, New York 10007
                               (212) 356-2656

                          By:    /s/
                               Patrick Beath
                               *Assistant Corporation Counsel*

cc:    Kareem R. Vessup, Esq. (By ECF)
        Keisha-Ann G. Gray, Esq. (By ECF)